# UNITED STATES DISTRICT COURT
## District of Minnesota

United States Securities and Exchange Commission

                Plaintiff,

v.

Steven R. Markusen, Jay C. Cope, Archer Advisors LLC

                Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 14-cv-3395-MJD-TNL

[x] **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff's Motion for Summary Judgment against Defendant Jay C. Cope [Docket No 40] is **GRANTED**.

2. Defendants Steven R. Markusen, Archer Advisors LLC, and Jay C. Cope are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a. to employ any device, scheme, or artifice to defraud;

    b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3. Defendant Jay C. Cope is permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by knowingly or recklessly providing substantial assistance to any person who, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   a. to employ any device, scheme, or artifice to defraud;

   b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. Defendants Steven R. Markusen, Archer Advisors LLC, and Jay C. Cope are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   a. to employ any device, scheme, or artifice to defraud;

   b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

5. Defendants Steven R. Markusen and Archer Advisors LLC are permanently restrained and enjoined from violating Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1), by, as an investment adviser, using the mails, or any means or instrumentality of interstate commerce, directly or indirectly, to employ any device, scheme, or artifice to defraud any client or prospective client.

6. Defendants Steven R. Markusen and Archer Advisors LLC are permanently restrained and enjoined from violating Section

206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(2), by, as an investment adviser, using the mails, or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

7. Defendant Jay C. Cope is permanently restrained and enjoined from aiding and abetting any violation of Sections 206(1) and 206(2) of the Advisers Act of 1940, 15 U.S.C. §§ 80b- 6(1) and 80b-6(2), by knowingly or recklessly providing substantial assistance to any investment adviser which, by use of the mails or the means and instrumentalities of interstate commerce, directly or indirectly, employs any device, scheme, or artifice to defraud, or engages in transactions, practices, or courses of business which operate as a fraud or deceit, upon
any clients or prospective clients.

8. Defendant Archer Advisors LLC is permanently restrained and enjoined from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R.§ 240.16a-3 by, as a direct or indirect beneficial owner of more than 10 percent of any class of any equity security, failing to file the statements required by the SEC.

9. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs, Paragraphs 2 through 8, also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

10. Defendant Steven R. Markusen is liable, jointly and severally with Defendant Archer Advisors LLC, for disgorgement of $630,830.31, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon calculated at the rate established by the Internal Revenue Service for tax underpayment, and Defendant Steven R. Markusen is liable for a civil penalty in the amount of $100,000.00 pursuant to 15 U.S.C. §§ 77t(d), 78u(d)(3), and 80b-9(d).  Defendant Steven R. Markusen shall satisfy this obligation by paying $730,830.31, plus the appropriate prejudgment interest, to the Securities and Exchange Commission within 14 days after entry of this Judgment.

    a. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

        http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

        Enterprise Services Center
        Accounts Receivable Branch
        6500 South MacArthur Boulevard
        Oklahoma City, OK 73169

        and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Steven R. Markusen as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

    b.    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

    c.    Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

11.    Defendant Archer Advisors LLC is liable, jointly and severally with Defendant Steven R. Markusen, for disgorgement of $630,830.31, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon calculated at the rate established by the Internal Revenue Service for tax underpayment, and that Defendant Archer Advisors LLC is liable for a civil penalty in the amount of $100,000.00 pursuant to 15 U.S.C. §§ 77t(d), 78u(d)(3), and 80b-9(d). Defendant Archer Advisors LLC shall satisfy this obligation by paying $730,830.31, plus the appropriate prejudgment interest, to the Securities and Exchange Commission within 14 days after entry of this Judgment.

    a.    Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Archer Advisors LLC as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

b. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

c. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

12. Defendant Jay C. Cope is liable for disgorgement of $549,284.97, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $81,037.26, and a civil penalty in the amount of $100,000.00 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3).  Defendant Cope shall satisfy this obligation by paying $730,322.23 to the Securities and Exchange Commission within 14 days after entry of this Judgment.

a. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard

      Oklahoma City, OK 73169

      and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jay C. Cope as defendant in this action; and specifying that payment is made pursuant to this Judgment.

  b.    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

  c.    Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

13.    The SEC may enforce the Court's Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.

14.    The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval. If the SEC determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

15.    After Judgment is entered, this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Date: April 27, 2016                        RICHARD D. SLETTEN, CLERK

                                                         s/L. Brennan
                                    (By)            L. Brennan, Deputy Clerk